# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SPINE CARE DELAWARE, LLC** | : CIVIL ACTION |
| | : |
| v. | : NO. 17-1816 |
| | : |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, *et al.* | : |

**KEARNEY, J.**                                                                                                                        **January 26, 2018**

## MEMORANDUM

A medical provider moving today to bar federal courts' jurisdiction over putative class actions unless all of the possible class members are of diverse citizenship from the defendant insurer meets the first condition of Aaron Burr's reported cynical observation "Law is whatever is boldly asserted and plausibly maintained." But today's bold assertion falls woefully short of Mr. Burr's second condition and will not define the Law. The medical provider's argument for requiring each possible potential class member to be diverse from the defendant insurer to invoke our subject matter jurisdiction is contrary to the Law.

The medical provider is a Delaware entity suing an Illinois insurer for violating Delaware Law for damages in excess of $75,000 initially in state court. The insurer removed this case from the state court asserting diversity jurisdiction based on the Delaware plaintiff and Illinois defendant. For subject matter jurisdiction purposes, we do not consider the possibility the Delawarean may someday be afforded the fiduciary obligation of protecting non-party citizens of other states in a class action. We deny the medical provider's motion for us to reconsider its request to remand its case to the state court.[1]

I.   **Background**

Spine Care Delaware LLC, a Delaware medical treatment facility, sued State Farm insurance company in state court claiming the insurer fails to pay personal injury protection claims to its insureds under its automobile policies. The parties agree State Farm is an Illinois citizen. Spine Care seeks in excess of $75,000 and, if it can state a claim, hopes to recover damages as a class representative for non-parties similarly situated.[2]

State Farm timely removed based solely on diversity jurisdiction. State Farm then moved to dismiss Spine Care's case.[3] Spine Care moved to remand this case back to state court arguing we lack subject matter jurisdiction because absent, unnamed class members "almost certainly" include Illinois citizens and their possible non-diverse presence in the possible class would extinguish our ability to exercise diversity jurisdiction. We denied remand because we have original jurisdiction based on Spine Care's and State Farm's diverse citizenship and the citizenship of unnamed possible class members who are not, and will not be, parties does not affect our jurisdiction analysis.[4]

II.   **Analysis**

Spine Care today asks us to reconsider our denial of its remand motion because of a manifest error of law.[5] Spine Care asks us to consider the citizenship of unknown class members a month <u>after</u> the removal and months <u>before</u> a class may be certified. It asks us to hold, for apparently the first time, the possibility we may later certify a class which may include an Illinois insured or claimant "contaminates" our exercise of diversity jurisdiction upon removal. Spine Care argues 28 U.S.C. § 1367 (enacted in 1990) and the Supreme Court's 2005 decision in *Exxon Mobil Corp. v. Allapatah Serv., Inc.* abrogates or supersedes the caselaw relied upon by us

2

in denying remand.[6] Studying the facts underlying Spine Care's arguments readily confirms the lack of merit in applying these principles to today's issue.

When cases are removed, we determine our subject matter jurisdiction based on the allegations in the Notice of Removal.[7] When we analyze our jurisdiction over a Rule 23 class for purely state law claims, we have original jurisdiction under § 1332 over the named plaintiffs and defendants and we then exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the additional class members. Our court of appeals relying on *Snyder v. Harris* held where the court's jurisdiction is based on diversity we only consider the named plaintiff and defendants for complete diversity.[8] The Supreme Court, in *Devlin v. Scardelletti*, held "nonnamed class members cannot defeat complete diversity" because they are not considered a "party" when assessing jurisdiction.[9]

### A.  Congress' codification of our supplemental jurisdiction in 28 U.S.C. § 1367.

Where we have original jurisdiction, Congress authorizes us to exercise supplemental jurisdiction "over all other claims that are so related to claims" to the civil action "they form part of the same case or controversy."[10] From this broad grant of supplemental jurisdiction, Congress slices out and prohibits supplemental jurisdiction "over claims by plaintiffs against persons made *parties* under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[11] Section 1367(b) does not reference Rule 23 which governs class actions involving, by definition, persons who are not parties.

**B.     *Exxon Mobil* does not deprive us of subject matter jurisdiction.**

Spine Care argues *ExxonMobil* forecloses our jurisdiction. In *ExxonMobil*, the Supreme Court consolidated two cases. We focus on one of the consolidated cases where the federal court sat in diversity over a state law class action, as in our case. The case is *Allapattah Serv., Inc. v. Exxon Mobil Corp.*, filed in the Southern District of Florida.

Twelve plaintiffs, citizens of Florida, Maryland, Virginia, and West Virginia, sued Exxon Mobil, a New Jersey corporation with a principal place of business in Texas, New York, or New Jersey, alleging state law breach of contract claims on behalf of themselves and others similarly situated.[12] At the time of filing the civil action, the district court had original jurisdiction based on diversity. Defendant challenged the district court's subject matter jurisdiction over named plaintiffs' and unnamed class members' claims which did not individual meet the amount-in-controversy. The district court held it had supplemental jurisdiction over claims not meeting the amount in controversy because it had original jurisdiction other plaintiffs' related claims. The class included 10,000 members from 35 states.[13] It is unclear from the docket the domicile of unnamed class members but the Defendant did not raise the possibility of the nondiverse citizenship of an unnamed class member as a challenge to subject matter jurisdiction.

Defendant appealed to the Court of Appeals for the Eleventh Circuit and then the Supreme Court. In *Exxon Mobil*, the Supreme Court reviewed "the single question before" it whether the district court sitting in diversity properly exercised supplemental jurisdiction under § 1367 over class members claims which did not meet the amount-in-controversy requirement.[14] The court held § 1367(a) "confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy."[15]

The Supreme Court explained its reasoning using a "contamination theory" of jurisdiction which is a theory "the inclusion of a claim or party falling outside the district court's original jurisdiction somehow contaminates every other claim on the complaint, depriving the court of original jurisdiction."[16] The court held the contamination theory "can make some sense" for the complete diversity requirement because "the presence of a single nondiverse party may eliminate the fear of bias with respect to all claims, but the presence of a claim that falls short of the minimum amount in controversy does nothing to reduce the importance of the claims that do meet this requirement."[17]

While the Supreme Court ruled only on the amount in controversy issue, it discussed § 1367 supplemental jurisdiction at length in the context of the amount in controversy. The Court reviewed the statutory text of § 1367(b) and found Congress did not withhold supplemental jurisdiction over persons certified as class-action members under Rule 23 as in the *Exxon Mobil* class.[18] The Supreme Court addresses the anomaly in § 1367(b) which seemingly allows a district court to exercise supplemental jurisdiction over non-diverse plaintiffs joined under Rule 20 but prohibits supplemental jurisdiction over non-diverse plaintiffs joined under Rule 19.[19]

The Supreme Court concluded a "well-pleaded complaint" which includes claims outside our original jurisdiction permits supplemental jurisdiction over a claim "for which there is no jurisdictional defect," i.e., which do not meet the amount-in-controversy requirement.[20] Still referencing the well-pleaded complaint, the Supreme Court directed "[t]hough the special nature and purpose of the diversity requirement mean that a single nondiverse party can contaminate every other claim in the lawsuit," the theory does not apply to plaintiffs whose claims fail to meet the amount-in-controversy requirement when at least one plaintiff's claim does.[21] In its lengthy discussion, the Supreme Court never addressed the import citizenship of parties not

named in the complaint, and specifically never discusses the citizenship of unnamed class members and its effect on complete diversity.

### C. The citizenship of possible unnamed class members does not affect our exercise of jurisdiction over Spine Care's claims.

We do not read *Exxon Mobil* to require us to dismiss a complaint which at the time of removal (the proper point to assess our subject matter jurisdiction) we have original jurisdiction because complete diversity exists between the parties and the amount in controversy is met even where there is possibility a class member may be domiciled in Illinois. Spine Care does not cite a single case supporting this argument.

We note two factors about the Supreme Court's opinion in *Exxon Mobil* which undermine Spine Care's interpretation. The opinion never addresses its earlier holdings in *Snyder* and *Devlin*. We find it particularly difficult to hold the Supreme Court intended to *sub silentio* overrule *Devlin*, where it held "nonnamed class members cannot defeat complete diversity" because they are not considered a "party" when assessing jurisdiction just three years before *Exxon Mobil*.[22] Since *Exxon Mobil*, the Supreme Court has revisited its discussion of class member as "parties" noting "as the dissent in *Devlin* noted, no one in that was 'willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified.*'"[23] This is exactly what Spine Care is requesting we do. Second, the Supreme Court never paused to question if there is complete diversity between the 10,000 class members and the defendant, which if we read the case as Spine Care asks, the Court would address if the existence of a single nondiverse plaintiff among those 10,000 contaminates the entire class action and causes the district court to dismiss for lack of jurisdiction.[24]

6

Spine Care argues its interpretation of *Exxon Mobil* is supported by two decisions in the Court of Appeals from the Second Circuit. Neither case is on point as to whether the presence of a nondiverse class member destroys original jurisdiction, let alone holds the mere possibility of the existence of a nondiverse class member destroys it.

The first case Spine Care cites, *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, involved joinder of a nondiverse necessary party under Rule 19 and the court of appeals dismissed the nondiverse named party to cure the jurisdiction defect under *Exxon Mobil*.[25] The court of appeals only discusses named plaintiffs and there is no Rule 23 class.

In the second, *Pennsylvania Public School Employees' Retirement System v. Morgan Stanley & Co., Inc.*, the district court had complete diversity between several plaintiffs and defendants.[26] At some point in the district court proceedings it came to light a named plaintiff Pennsylvania Public School Employees' Retirement System ("PSERS") is actually an arm of the state and not a citizen of a state for diversity purposes.[27] The district court dismissed and the court of appeals affirmed the dismissal of PSERS to preserve its subject matter, holding § 1367 prohibited the exercise of supplemental jurisdiction over a nondiverse named plaintiff because it destroyed complete diversity under § 1332.[28]

The holding in *Exxon Mobil* and the Second Circuit cases relied on by Spine Care stand for the settled proposition **named** parties must have complete diversity under § 1332 for original jurisdiction. Here, the named parties Spine Care and the State Farm are completely diverse. We are not exercising supplemental jurisdiction over a nondiverse named party which "contaminates" our original jurisdiction under the Supreme Court's holding in *Exxon Mobil*. We are not deprived of original jurisdiction if we certify Spine Care's class and it includes class

7

members domiciled in Illinois because, under Supreme Court precedent, "nonnamed class members cannot defeat complete diversity."[29]

### III. Conclusion

We have original jurisdiction over the named parties based on diversity because Spine Care is a Delaware limited liability company and maintains its principal place of business in Delaware.[30] Both State Farm entities are Illinois corporations and both their principal places of business are in Illinois and the parties do not dispute the amount in controversy requirement is satisfied.[31]

We deny Spine Care's motion for reconsideration because it fails to identify a manifest error in law in our denial of its motion to remand.

---

[1] We do not suggest Spine Care's motion lacks a good faith basis for extending existing law under Fed. R. Civ. P. 11. We only find its interpretation of existing law in other contexts lacks merit today.

[2] ECF Doc. No. 1-1 at 7.

[3] ECF Doc. No. 7. This motion remains pending awaiting Spine Care's response.

[4] ECF Doc. No. 15.

[5] A motion for reconsideration may only be granted where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[6] 545 U.S. 546 (2005).

[7] *See Steel Valley Authority v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (internal citations omitted).

⁸ *See In re School Asb. Litig.*, 921 F.2d 1310, 1317 (3d Cir. 1990) (citing *Snyder v. Harris*, 394 U.S. 332 (1969)).

⁹ 536 U.S. 1, 10 (2002).

¹⁰ § 1367(a).

¹¹ *Id.*(emphasis added).

¹² *Allapattah Serv., Inc. v. Exxon Mobil Corp.*, No. 91-986, Complaint, Doc. No. ¶¶ 3-16. The plaintiffs filed an amended complaint but the same twelve plaintiffs are listed as filing the amended complaint and there are no docket entries for summons for new plaintiffs or defendant so we find the named plaintiffs and defendant remain the same.

¹³ *See Allapattah Services. Inc. v. Exxon Corp.*, 333 F.3d 1248, 1251-52 (11th Cir. 2003).

¹⁴ *Exxon Mobil*, 545 U.S. at 551.

¹⁵ *Id.* at 559.

¹⁶ *Id.* at 561.

¹⁷ *Id.* at 562.

¹⁸ *Id.* at 560.

¹⁹ *Id.* at 566.

²⁰ *Id.*

²¹ *Id.*

²² 536 U.S. at 10; *see also M.P.G. Tent Rentals, Inc. v. Wasatch Tees of Atlanta, Inc.*, No. 08-2218, 2009 WL 10688841, at *2 (N.D. Ala. Feb. 26, 2009) (citing *Devlin* for the holding "unnamed class members do not defeat complete diversity); *Cicero-Berwyn Elks Lodge No. 1510 v. Philadelphia Ins. Co.*, No. 12-10257, 2013 WL 1385675, at *1 (N.D. Ill. April 4, 2013) (citing *Devlin* for the holding "unnamed class members do not defeat complete diversity).

²³ *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (citing *Devlin*, 536 U.S. at 16 n.1 (Scalia, J., dissenting)).

²⁴ While neither party challenged complete diversity on appeal, all federal courts have a "continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding" including on appeal. *Zambelli Fireworks Mfg. Co., Inc.v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010).

[25] 500 F.3d 171, 179 (2d Cir. 2007).

[26] 772 F.3d 111, 116 (2d Cir. 2014); *see Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08-7508, Doc. No. 354, ¶ 29 (Jan. 10, 2012); *see Morgan Stanley*, 772 F.3d at 116 ("In January 2012, appellants filed the complaint operative for purposes of this appeal").

[27] *Id.* at 117.

[28] *Id.* at 119.

[29] *Devlin*, 536 U.S. at 10.

[30] ECF Doc. No. 1 at 4, ¶¶ 13-14.

[31] *Id.*