IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SPINE CARE DELAWARE, LLC** | : | **CIVIL ACTION** |
| v. | : | **NO. 17-1816** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, *et al.* | : | |

**KEARNEY, J.**                                                                            **February 9, 2018**

## **MEMORANDUM**

A medical provider challenging an insurer's handling of a patient's medical claims must plead why it can recover an insured's claim. It is not the insured whose insurance claim is delayed or denied. We cannot simply assume the medical provider suffered injury caused by the insurer's conduct. As the medical provider presently fails to plead an identified injury through the insurer's treatment of at least one identified insured's claim, we grant the insurer's motion to dismiss without prejudice for the medical provider to amend its claim.

**I.    Alleged facts**

Delaware's General Assembly establishes the minimum automobile insurance to be maintained by an owner of a vehicle in the state.[1] One statutory minimum requirement is Personal Injury Protection ("PIP") requiring coverage of "$15,000 for any one 1 person and $30,000 for all persons injured in any 1 accident" to compensate the injured persons for medical expenses, lost wages, and other expenses from the accident.[2]

Under the PIP mandate, insurers must pay or deny a PIP claim within 30 days of submission.[3] If the insurer denies the claim, the insurer must explain its reasons in writing.[4] If an insurer fails to comply with the statutory deadline, Delaware authorizes fixed additional interest on the unpaid amount and if the insurer's failure to comply is in bad faith, Delaware allows us to award costs and attorney's fees.[5]

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") issue automobile insurance policies to owners of Delaware registered vehicles.[6] Spine Care Delaware, LLC treats patients injured in accidents where the Delaware registered vehicle is insured by State Farm.[7]

Spine Care alleges State Farm violates the PIP scheme. Spine Care submits unidentified claims covered under PIP and State Farm fails to pay the claim within the 30-day statutory period.[8] State Farm also refuses to pay the additional statutory interest on these late payments.[9] At other times, Spine Care submits a PIP claim and State Farm delays payment because of its "ongoing investigation."[10] When Spine Care operates on a patient, it will submit two PIP claims to State Farm, one for anesthesia and one for the surgical bill.[11] Spine Care first submits for anesthesia covered under PIP and State Farm denies the claim for anesthesia until it receives the report of the operation and surgical bill.[12] State Farm's denial pending the surgical bill is not warranted because a surgical bill is not a medical record and not "germane" to State Farm's decision to cover the anesthesia bill.[13] State Farm will then pay Spine Care's PIP claim for the surgical bill but not pay the related anesthesia bill even though State Farm's payment of the surgical bill established the anesthesia bill is covered under PIP.[14] When Spine Care does bilateral spinal surgery on a patient, it submits a PIP claim to State Farm.[15] State Farm makes

2

full payment "for one side" of the costs establishing the procedure is covered under PIP.[16] State Farm, however, then refuses full payment for the costs from "the other side" of the procedure.[17] When Spine Care does a multiple-level spinal surgery on a patient, it submits a PIP claim to State Farm.[18] State Farm makes full payment for "one vertebral level" establishing the procedure is covered by PIP.[19] State Farm, however, then refuses payment for the costs from procedure associated with "other vertebral levels."[20]

Spine Care sued State Farm on behalf of itself and others similarly situated in Delaware state court alleging violations of the PIP mandate, breach of contract, bad faith breach of contract, and seeking declaratory judgment. Spine Care alleges it qualifies as a claimant to bring this lawsuit in its own right because it submits PIP claims.[21] Unknown Spine Care patients assign their right to recover PIP benefits and statutory interest, costs, and attorneys' fees under the PIP statute to Spine Care.[22] Unknown patients also assign their right to recover damages for breach of contract and bad faith and punitive damages to Spine Care.[23]

Spine Care alleges State Farm violated the PIP mandate when it failed to make timely payments, failed to pay all costs for a PIP covered procedure, denied timely payments based on "ongoing investigations," and failed to pay statutory interest on claims paid after the deadline.[24] Spine Care also alleges State Farm's conduct breached its insurance contract and also constituted a bad faith breach of contract because State Farm did not have reasonable justification for its denials or late payments.[25] Spine Care also seeks declaratory judgment State Farm's alleged conduct is unlawful under the PIP mandate.

**II.   Analysis**

State Farm moves to dismiss Spine Care's complaint for failure to state a claim.[26] State Farm argues Spine Care fails to allege the existence of the contract and contractual obligation

breached by State Farm. State Farm moves to dismiss the bad faith breach of contract claim because it is not a valid cause of action under Delaware law and Spine Care fails to allege supporting facts. State Farm also moves to dismiss the declaratory judgment claim because it seeks relief for past conduct and it duplicative of the breach of contract claim. State Farm also moves to dismiss Spine Care's request for attorneys' fees and punitive damages.[27]

### A. Spine Care fails to plead State Farm violated the PIP statute.

Spine Care alleges State Farm violated the PIP mandate when it failed to make timely payments, failed to pay all costs for a PIP covered procedure, denied timely payments based on "ongoing investigations," and failed to pay statutory interest on claims paid after the deadline.[28]

Spine Care alleges it is a claimant because it submitted the claim to State Farm. The Superior Court of Delaware instructs "the word 'claimant' [in § 2118B] is used in recognition of the general practice that health care providers submit claims to insurers."[29] While Spine Care plausibly alleges it could be a claimant, it fails to allege a specific claim to support a general allegation about State Farm's "unlawful practices."[30]

In *Sammons*, which Spine Care relies on, the court held a class representative must suffer harm to bring a claim and support the class action. Mrs. Sammons, as a class representative, alleged her insurer failed to timely pay her PIP claim and she suffered harm.[31] The evidence showed Mrs. Sammons's medical provider submitted the claim to the insurer and suffered financial damage, not Mrs. Sammons.[32] Because Mrs. Sammons did not submit the claim and suffer an injury, the court found she did not have standing to be a class representative.[33]

While Spine Care, as the medical provider, may be a proper claimant under *Sammons*, Spine Care fails to allege specific injury and harm caused by State Farm's conduct. It needs to identify a specific claim such as Mrs. Sammons' claim. Spine Care's burden is not difficult but

4

it must specify a claim to support its alleged "unlawful practice" and the injury and harm caused by State Farm. We dismiss Spine Care's claim for violating the PIP for failure to state a claim.

### B. Spine Care fails to plead breach of contract and bad faith breach of contract.

Spine Care alleges State Farm also breached its insurance policies with its insureds and those insured patients assigned Spine Care the right to pursue their breach of contract claim. State Farm argues Spine Care fails to identify the patient-assignors. State Farm also argues Spine Care fails to allege an existing contract between its patient-assignors and State Farm and fails to allege any contractual terms which were breached.

Spine Care alleges its patients assign their right to pursue breach of contract claims against their insurance companies and attaches a blank assignment form to its complaint.[34] Spine Care fails to allege a single patient assigned to it the right to sue State Farm for a claim where State Farm denied or partially denied a PIP claim based on its "unlawful practices."

In response, Spine Care now claims it "is happy to amend the complaint to name its patient-assignors" while denying it has a legal obligation to do under *Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*.[35] In *Progressive Spine*, the medical provider brought claims on behalf of four specific patients alleging the insurance company failed to pay the patients' reasonable medical bills.[36] The medical provider alleged the patients "all signed contracts 'assign[ing] direct payment of any ... medical insurance benefits to" it and the insurance company moved to dismiss arguing this language failed to allege a valid assignment from the patients.[37] The district court granted the insurance company's motion to dismiss because the medical provider's "conclusory language" is not sufficient to show an assignment because the health care provider did not allege "the actual language from the assignments ... or include a copy of the alleged assignments."[38]

While Spine Care satisfies the second part of *Progressive Spine* by alleging the language of assignment, Spine Care does not allege specific patients who assigned their rights, unlike *Progressive Spine*, where the medical provider filed claims for specific patients.[39] Spine Care can satisfy the pleading standard by alleging language of the assignment or attaching a copy of the actual assignment but Spine Care's allegations must specify a patient who both assigned rights to Spine Care and subjected to State Farm's "unlawful practices."[40]

We dismiss Spine Care's breach of contract and bad faith breach of contract claims because it fails to allege an assignment of contractual rights from a patient for standing.

### C. We dismiss Spine Care's declaratory judgment claim.

State Farm argues Spine Care fails to state a claim for declaratory judgment because it seeks judgment as to past conduct and declaratory judgments are inappropriate solely to adjudicate past conduct. Spine Care concedes it cannot seek declaratory judgment for past conduct and Spine Care seeks leave to amend its complaint to seek injunctive relief.[41]

### III. Conclusion

Spine Care omits a central step of bringing a claim against State Farm – the identity of a claim assigned to it and affected by State Farm's alleged conduct. In the accompanying Order, we grant State Farm's motion to dismiss without prejudice to Spine Care filing an amended complaint curing the present deficiencies.

---

[1] ECF Doc. No. 1-1, ¶ 10; 21 Del.C. §2118B.

[2] *Id.*

[3] *Id.* ¶ 11.

[4] *Id.*

6

⁵ *Id.*

⁶ *Id.* ¶¶ 5, 6.

⁷ *Id.* ¶ 4.

⁸ *Id.* ¶ 14.

⁹ *Id.* ¶ 15.

¹⁰ *Id.* ¶ 24.

¹¹ *Id.* ¶ 16.

¹² *Id.*

¹³ *Id.* ¶ 18.

¹⁴ *Id.*

¹⁵ *Id.* ¶ 20.

¹⁶ *Id.*

¹⁷ *Id.*

¹⁸ *Id.* ¶ 22.

¹⁹ *Id.*

²⁰ *Id.*

²¹ *Id.* ¶ 30.

²² *Id.* ¶ 4.

²³ *Id.*

²⁴ Spine Care's complaint lists three counts, breach of contract, bad faith breach of contract, and declaratory judgment, but at other points in the complaint, Spine Care alleges it is bringing claims for violations of § 2118B and most of its factual allegations focus on State Farm's violations of § 2118B. *See* ECF Doc. No. 1-1, ¶¶ 1, 14-24.

²⁵ *Id.* ¶ 49.

[26] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Our court of appeals requires we apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

[27] Because we find Spine Care fails to allege specific claims for § 2118B and specific assignments for breach of contract and bad faith breach of contract, we do not address these arguments.

[28] Spine Care's complaint lists three counts, breach of contract, bad faith breach of contract, and declaratory judgment, but at other points in the complaint, Spine Care alleges it is bringing claims for violations of § 2118B and most of its factual allegations focus on State Farm's violations of § 2118B. *See* ECF Doc. No. 1-1, ¶¶ 1, 14-24.

[29] *Sammons v. Hartford Underwriters Insurance Co.*, No. S09C-12-026 RFS, 2011 WL 6402189, at *2 (Del. Super. Ct. Dec. 15, 2011).

[30] ECF Doc. No. 22 at 22.

[31] *Sammons*, 2011 WL 6402189, at *1.

[32] *Id.*

[33] *Id.* at *3.

[34] ECF Doc. No. 1-1, Exhibit A.

[35] No. 16-1649, 2017 WL 751851 (D.N.J. Feb. 27, 2017).

³⁶ *Id.* at *1.

³⁷ *Id.* at *5.

³⁸ *Id.*

³⁹ *See id.*

⁴⁰ Spine Care argues an earlier lawsuit confirmed the validity of the assignments. At this stage, the validity of the assignment is not in question, but rather Spine Care's failure to plead the existence of a specific assignment of a claim where State Farm engaged in "unlawful practices."

⁴¹ ECF Doc. No. 22 at 18-19.