IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPINE CARE DELAWARE, LLC, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendants. | Case No.  1:17-cv-01816-MAK |

## REPORT OF RULE 26(f) MEETING

  Under Federal Rule of Civil Procedure 26(f), this Court's February 9, 2018 Order and this Court's Policies, counsel for the parties conferred on February 16, 2018, and submit the following report of their meeting for the Court's consideration at the initial pretrial conference on February 23, 2018:

 **1.  Discussion of Specific Claims, Defenses and Relevant Issues**

  **A.  Plaintiff's Discussion of Specific Claims and Relevant Issues**

  Plaintiff Spine Care Delaware, LLC ("SCD") seeks class certification pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3) with respect to six claims-handling practices that SCD contends the defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") employ in handling Delaware Personal Injury Protection (or "PIP") claims.  The essential, overarching fact supporting SCD's contention is SCD's own experience with State Farm: the fact that State Farm has subjected SCD to the

1

offending practices, and done so in a manner that suggests that those practices are not unique to SCD, but a matter of routine business practice.

In addition, the first-listed practice below (the "statutory interest" issue) finds circumstantial support in the fact that New York regulators have previously fined State Farm for engaging in that practice on a widespread basis under New York's PIP statute (which is substantially similar to Delaware's PIP statute); and in the fact that in 2007, State Farm reached a seven-figure settlement with respect to the same practice in Delaware.

Similarly, the last-listed practice (relating to "investigation" letters) finds additional and circumstantial support in the fact that State Farm has sent substantially identical letters in response to PIP claims submitted in at least one state other than Delaware.

### i. Alleged Failure to Pay Statutory Interest on Overdue PIP Claims

SCD contends that State Farm routinely fails to pay statutory interest on overdue PIP claims, in violation of 21 *Del. C.* § 2118B. In addition to the threshold class-certification issues (numerosity, commonality, typicality, etc.), these allegations give rise to the following issues on the merits:

  a. Whether State Farm owes statutory interest to SCD.

  b. Whether State Farm owes statutory interest to absent class members.

  c. Whether State Farm's conduct constitutes bad faith under Delaware law (that is, whether such conduct is without reasonable justification).

  d. Damages.

SCD contends that billing and payment records (including claim-related correspondence) with respect to PIP-related bills submitted to State Farm by SCD and absent class members will

inform the issues on both class certification and the merits, and show that State Farm does in fact owe statutory interest to all members of the proposed class.

SCD believes that a phased approach to discovery is appropriate. SCD proposes an initial 90-day discovery period on class certification issues, the focus of which would be production by State Farm of all SCD-specific business records along with a meaningful, random and representative sample of business records relating to absent class members' claims. SCD proposes that both categories of documents would be limited to just those documents necessary to determine (i) State Farm's compliance or noncompliance with the 30-day payment standard under 21 *Del. C.* § 2118B, and (ii) the extent to which State Farm may owe statutory interest to prospective class members for the sample in question.

SCD proposes that, once the issue of class certification is decided, a subsequent 90-day discovery phase be conducted on the merits.

### ii. Alleged Misrepresentation and Delay in Considering Anesthesia Bills

SCD contends that State Farm routinely engages in the practice of initially denying payment of PIP-related anesthesia bills pending receipt of the related operative report, and thereafter, upon receipt of the related operative report, paying the surgical bill — thereby establishing that the anesthesia bill is covered — but not the anesthesia bill. In addition to the threshold class-certification issues, these allegations give rise to the following issues on the merits:

    a. Whether the alleged practice is unlawful.

    b. Whether and to what extent State Farm has subjected SCD to the alleged practice.

    c. Whether and to what extent State Farm has subjected absent class members to the alleged practice.

  d. Whether State Farm's conduct constitutes bad faith under Delaware law (that is, whether such conduct is without reasonable justification).

  e. Damages.

SCD believes that a phased approach to discovery is appropriate. SCD proposes an initial 90-day discovery period on class certification issues, the focus of which would be production by State Farm of a meaningful, random and representative sample of business records relating to any instances in which State Farm denied payment of PIP-related anesthesia bills pending receipt of the corresponding operative report.

SCD proposes that, once the issue of class certification is decided, a subsequent 90-day discovery phase be conducted on the merits.

### iii. Holding Consideration of Anesthesia Bills Hostage to Surgical Bills

SCD contends that State Farm engages in the practice of initially denying payment of PIP-related anesthesia bills pending receipt of the related surgical bill — despite the fact that a surgical bill is not a medical record and therefore not germane to the insurer's coverage determination for anesthesia bills. In addition to the threshold class-certification issues (numerosity, commonality, typicality, etc.), these allegations give rise to the following issues on the merits:

  a. Whether the alleged practice is unlawful.

  b. Whether and to what extent State Farm has subjected SCD to the alleged practice.

  c. Whether and to what extent State Farm has subjected absent class members to the alleged practice.

  d. Whether State Farm's conduct constitutes bad faith under Delaware law (that is, whether such conduct is without reasonable justification).

  e. Damages.

SCD believes that a phased approach to discovery is appropriate.  SCD proposes an initial 90-day discovery period on class certification issues, the focus of which would be production by State Farm of a meaningful, random and representative sample of business records relating to any instances in which State Farm denied payment of PIP-related anesthesia bills pending receipt of the corresponding surgical bill.

SCD proposes that, once the issue of class certification is decided, a subsequent 90-day discovery phase be conducted on the merits.

  **iv.  Failure to Make Full Payment on Admittedly Covered Bilateral Procedures**

SCD contends that State Farm engages in the practice of making full payment for one side of a PIP-related, bilateral spinal surgery, while paying or offering to pay a lesser amount for that part of the procedure that was performed on the other side.  In addition to the threshold class-certification issues, these allegations give rise to the following issues on the merits:

  a. Whether the alleged practice is unlawful.

  b. Whether and to what extent State Farm has subjected SCD to the alleged practice.

  c. Whether and to what extent State Farm has subjected absent class members to the alleged practice.

  d. Whether State Farm's conduct constitutes bad faith under Delaware law (that is, whether such conduct is without reasonable justification).

  e. Damages.

SCD believes that a phased approach to discovery is appropriate.  SCD proposes an initial 90-day discovery period on class certification issues, the focus of which would be production by State Farm of a meaningful, random and representative sample of business records

relating to any instances in which State Farm made payment for one side of a PIP-related, bilateral spinal surgery, while paying or offering to pay a lesser amount for that part of the procedure that was performed on the other side.

SCD proposes that, once the issue of class certification is decided, a subsequent 90-day discovery phase be conducted on the merits.

### v. Failure to Make Full Payment on Admittedly Covered "Multiple Level" Procedures

SCD contends that State Farm engages in the practice of making payment for one vertebral level of a PIP-related, multiple-level spinal surgery, while paying or offering to pay a lesser amount for that part of the procedure that was performed on one or more other vertebral levels.  In addition to the threshold class-certification issues, these allegations give rise to the following issues on the merits:

    a.  Whether the alleged practice is unlawful.

    b.  Whether and to what extent State Farm has subjected SCD to the alleged practice.

    c.  Whether and to what extent State Farm has subjected absent class members to the alleged practice.

    d.  Whether State Farm's conduct constitutes bad faith under Delaware law (that is, whether such conduct is without reasonable justification).

    e.  Damages.

SCD believes that a phased approach to discovery is appropriate.  SCD proposes an initial 90-day discovery period on class certification issues, the focus of which would be production by State Farm of a meaningful, random and representative sample of business records relating to any instances in which State Farm made payment for one vertebral level of a PIP-

related, multiple-level spinal surgery, while paying or offering to pay a lesser amount for that part of the procedure that was performed on one or more other vertebral levels.

SCD proposes that, once the issue of class certification is decided, a subsequent 90-day discovery phase be conducted on the merits.

### vi. Flouting the Statutory 30-Day Deadline Through the Use of "Ongoing Investigation" Letters

SCD contends that State Farm engages in the practice of responding to a PIP claim or claims by sending correspondence stating, verbatim or in substance, that

> There will be a delay in payment of your bill.  Our investigation is ongoing.  Your bills will be considered for payment whenever our investigation is complete.

In addition to the threshold class-certification issues, these allegations give rise to the following issues on the merits:

a. Whether the alleged practice is unlawful.

b. Whether and to what extent State Farm has subjected SCD to the alleged practice.

c. Whether and to what extent State Farm has subjected absent class members to the alleged practice.

d. Whether injunctive relief is appropriate.

SCD believes that a phased approach to discovery is appropriate.  SCD proposes an initial 90-day discovery period on class certification issues, the focus of which would be production by State Farm of a meaningful, random and representative sample of business records relating to any instances in which State Farm responded to a PIP claim or claims in the manner described in the preceding paragraph.

SCD proposes that, once the issue of class certification is decided, a subsequent 90-day discovery phase be conducted on the merits.

**Defendant's Position**

SCD's initial complaint was dismissed for failure to state a claim on February 9, 2018, and SCD has filed an Amended Complaint on the same day as this report is being submitted. Because of the lack of an operative Complaint at the time the parties conducted the Rule 26(f) conference and commenced preparation of this report, State Farm bases its discussion of potential defenses and relevant issues on SCD's original Complaint, the Court's February 9, 2018 Order dismissing the original Complaint, a preliminary review of the Amended Complaint, and any other relevant information that is known or reasonably anticipated at this time.

SCD's initial Complaint asserted contract-based claims against Defendants based on six separate theories.[1] State Farm's position as to the threshold legal issues concerning SCD's Complaint is set forth in its Motion to Dismiss. [Dkt. No. 7]. SCD's Complaint did not properly state a breach of contract claim for several reasons. First, there is no contractual relationship between SCD and State Farm, and SCD did not adequately allege a right to assert claims on behalf of any specific patient-insureds. Furthermore, SCD did not sufficiently allege that any of its patients who purportedly assigned their causes of action to SCD were actually injured by State Farm's alleged conduct. SCD did not sufficiently allege the breach of any obligation imposed by any contract. Rather, while asserting contract claims, SCD's allegations were that State Farm acted in a manner that Plaintiff maintains is inconsistent with the fundamental purpose underlying Delaware's statutory PIP scheme, not that State Farm violated any contractual obligations.

SCD also did not adequately allege a bad faith breach of contract claim. All of the reasons set forth above about SCD's failure to state a breach of contract claim are equally applicable to

---

[1] SCD also asserted a claim for declaratory relief, but admitted in its response to Defendants' Motion to Dismiss that it was abandoning that claim.

SCD's bad faith breach of contract claim. Additionally, any conclusory allegation that State Farm allegedly acted "without reasonable justification" is insufficient to state a bad faith breach of contract claim.

To the extent SCD at any point states a viable claim that may proceed beyond the pleadings, an evaluation of the merits of any such claim will necessarily be shaped by the allegations as to the specific patient-insureds. State Farm anticipates conducting discovery as to SCD's patients who have purportedly assigned claims to SCD, SCD's basis for its claimed right to proceed as an assignee on behalf of those patient-insureds, the patient-insureds insurance contracts with State Farm, and the handling of their PIP claims. State Farm also anticipates needing to conduct discovery into SCD's billing practices, billing records, and into the medical records of the patients who assigned claims to SCD. As further explained in Section 5 below, discovery should initially be focused on the claims of the patient-insureds that are being collectively asserted by SCD as the only named Plaintiff, and that it is premature and not proportional at this initial stage to permit SCD to expand into merits discovery of any absent class members on its six theories.

At this time, State Farm does not intend to assert any counterclaims against SCD. However, State Farm's investigation is ongoing, and State Farm expressly reserves the right to assert counterclaims against SCD should it uncover causes of action against SCD in discovery, and reserves its right to seek attorneys' fees and expenses of litigation should it be entitled to such relief.

Section 1 of the Rule 26(f) calls for the parties to set forth a concise overview statement of the specific claims, defenses, and relevant issues being raised by the complaint. State Farm respectfully states that SCD's over six-page statement set forth above is not concise, but rather is excessive and argumentative. State Farm certainly disputes SCD's allegations and its

characterizations of its handling of PIP claims at issue in this case, and further disagrees with both SCD's mischaracterization and inclusion in this report of prior unrelated litigation and extraneous matters. But because State Farm does not understand the parties' Rule 26(f) conferencing and reporting to be the proper forum to engage in full-blown briefing and argument on the case allegations, State Farm refrains from including a point-by-point response. Simply put, State Farm denies SCD's assertions and states that it properly pays PIP claims including the claims of SCD's patients in a manner consistent with the insurance policies and Delaware law.

**2.      Stipulated Facts**

The parties stipulate to the following undisputed facts:

(a)      Spine Care Delaware, LLC is a medical practice whose principal place of business is located at 4102 Ogletown-Stanton Road, Newark, Delaware 19713.

(b)      State Farm Mutual Automobile Insurance Company is an Illinois corporation with its principal place of business located at One State Farm Plaza, Bloomington, Illinois, 61710.

(c)      State Farm Fire and Casualty Company is a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company and an Illinois corporation with its principal place of business located at One State Farm Plaza, Bloomington, Illinois, 61710.

(d)      State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company sell automobile insurance to Delaware insureds, including personal injury protection ("PIP") coverage.

(e)      State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company have insurance contracts with Delaware insureds to whom they sell PIP coverage.

(f)     Spine Care Delaware renders medical treatment to persons with orthopedic injuries, and its patients have included patients who have purchased PIP coverage from State Farm Mutual Automobile Insurance Company or State Farm Fire and Casualty Company.

### 3.     Informal Disclosures

The parties served their initial disclosures on Friday, February 16, 2018.

### 4.     Additional disclosures [in patent non-ANDA cases only].

Not applicable.

### 5.     Formal Discovery

**Plaintiff's Position:**

SCD served its First Set of Requests for Production of Documents on February 13, 2018. SCD's position regarding discovery is set forth in Section 1 above.

**State Farm's Position:**

Based upon information known to date, State Farm anticipates needing to conduct formal discovery regarding the 26 patients who have purportedly assigned claims to SCD in order to assess whether those patients in fact have insurance contracts with State Farm and, if so, to determine the manner in which State Farm paid the claims. State Farm also anticipates needing to conduct discovery into SCD's billing practices, billing records, and into the medical records of the patients who purportedly assigned claims to State Farm. State Farm will serve initial written discovery on SCD prior to the Court's February 23, 2018 teleconference.

While this case was at least initially alleged as a putative class action, State Farm does not seek a modification at this time of the standard ninety day discovery period. Consistent with the Court's direction in its Order of February 9, 2018 [Dkt. No. 25], State Farm believes that discovery should proceed in an orderly and reasonable manner that is proportional to the needs of the case and is focused on information relevant to the claims and defense in the case.

11

The Amended Complaint purports to assert claims on behalf of 26 different patients under six different theories.  Even ignoring the putative class allegations, Plaintiff brings what amounts to a multi-faceted collective action with 26 separate and distinct plaintiffs, so discovery focused on the named Plaintiff is not only the most appropriate place to start, but it's a substantial undertaking in its own right.  Discovery should initially be focused on SCD's standing to assert claims as an assignee on behalf of the 26 patients, State Farm's handling of the PIP claims of those specific insureds who were patients of SCD and on whose behalf SCD seeks to assert claims through an assignment theory, and class certification issues.  Discovery should start with Plaintiff producing the documents that establish its right to proceed on behalf of the 26 patients it has identified, the specific claims for those 26 patients that Plaintiffs believe were not properly paid, and the supporting documents.

SCD embraces a phased approach, but nevertheless seeks to commence at this time merits discovery of absent class members through representative samples, presumably on each of six different theories and issues asserted as proposed subclasses.  Discovery should not be expanded at the outset into merits discovery concerning other patients or other providers who are not parties to this case.  Such absent class member merits discovery would be incredibly burdensome and costly, it is premature and not proportional to the needs of the case in its current posture, and SCD has shown no entitlement to it at this stage.  Initially focusing discovery on the claims of the 26 purported assignors being asserted by Spine Care as the named Plaintiff (and SCD's standing to assert claims on their behalf) will inform the parties and the Court as to whether there is a basis for further discovery with respect to each of SCD's six discrete theories beyond the named Plaintiff.

State Farm submits that if this case proceeds past the pleadings and upon completion of the 90 day discovery period, a request for any specific discovery to which SCD believes it is entitled prior to any motion for class certification can be addressed through a motion for leave or by holding a telephone status conference at the end of the 90 day discovery period.

If this case were to remain pending following the Court's consideration of any motion for class certification, State Farm requests that the Court schedule a status conference to consider the remaining case management and schedule for the case in light of the Court's ruling on the motion for class certification.

State Farm will be prepared to further discuss these issues at the Rule 16 teleconference.

**1.      Electronic Discovery**

The parties anticipate that the majority of documents and information to be produced in discovery are stored and used in electronic formats in the ordinary course of business.  This includes documents and electronically stored information (ESI) regarding claim handling, medical records, and relevant and non-privileged e-mail communications.  The parties are not aware of any issues concerning the preservation, identification, disclosure, or cost of production of ESI at this time.  To the extent that ESI is produced, the parties anticipate that they will enter into a stipulated ESI Protocol in advance of the February 23, 2018 teleconference with the Court.  State Farm has circulated a draft ESI Protocol to Plaintiff that includes, among other issues, the following procedures for the production of ESI:

a. **Search methodology.**  The Parties recognize and agree that there are many valid ways to search for and retrieve ESI, and the parties agree that absent a showing of specific need and good cause, the responding party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving, identifying, and producing its own ESI.  The parties agree to meet and confer about any specific issues related to search that may arise.

b. **Format.** The default production format for unstructured discoverable ESI will be searchable static image formats such as single-page TIFF or JPEG images (300 DPI) with

  corresponding multi-page text load files or PDF with an embedded text layer.  The default production format for structured discoverable ESI will be in reasonably usable standard report formats available in the ordinary course of business.  A party may produce ESI that not is easily converted to image format, such as video or audio files in other reasonably usable electronic formats.

 c. **Metadata fields.** With respect to any unstructured data production, the parties agree to produce the following load file information to the extent such metadata exists: Custodian, Filename, Author, Date Modified, Time Modified, Hash Value, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof). For email, the parties will also produce, to the extent such metadata exists:  Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Receive, and Time Received.  The parties agree that further metadata information is not necessary.

The parties anticipate that they will enter into a stipulated protective order that addresses, among other things, the loss of any Attorney-Client Privilege, Work Product Protection or any other privilege or immunity.

The parties anticipate that each party will initially bear its own costs for the reasonable and proportional production of electronically stored information in this matter.  If during the course of this matter a Responding Party believes that cost shifting would be necessary, the Responding Party will provide such notice to the Requesting Party and the parties will meet and confer to discuss the burdens associated with the discovery of the discoverable information and attempt to reach agreement regarding the allocation of costs.  If the parties cannot agree, the Responding Party will bring a motion and the Court will determine whether the discovery is proportionate and/or if costs should be allocated pursuant to Federal Rule of Civil Procedure 26(c).

 **2. Expert Witness Disclosures**

Although it has not made a final determination, SCD does not anticipate at this time using expert witnesses in the class certification phase of the case.

State Farm has not completed its investigation into the facts of this matter and therefore has not made a final determination whether it anticipates the use of expert witnesses.  As discussed

above, SCD's initial Complaint was dismissed and SCD's Amended Complaint was filed the same day as the submission of this report. Based upon the information known to date, State Farm anticipates that it may retain expert witnesses to testify regarding SCD's billing practices and State Farm's handling of PIP claims. Based on the current posture of the case, and State Farm's need to understand basic information concerning the patient-insureds that SCD seeks to proceed on behalf of as assignee before it can investigate the claims and allegations, State Farm would request that the Court allow initial discovery to be completed prior to the deadline for State Farm to make expert disclosures.

### 3.    Settlement or Resolution

The parties have discussed early ADR as part of the Rule 26(f) conference.

SCD presented State Farm with a comprehensive settlement overture on January 3, 2018. State Farm is considering that overture. Supplementing its settlement overture, SCD has advised State Farm that (in the alternative) SCD is willing to submit all or part of the dispute to binding arbitration, so long as the class certification device and all substantive relief available in this action are available in the arbitration proceeding. SCD will continue to participate in good faith in any early settlement discussions or other alternative dispute resolution processes ordered by the Court. SCD has no preference with regard to ADR mechanisms, and would welcome the involvement of a Magistrate Judge in any ADR-related capacity.

State Farm will participate in good faith in any early settlement discussions or other alternative dispute resolution processes ordered by the Court. State Farm requests that any court-directed ADR process be deferred until after an initial investigation and discovery can be conducted with respect to the specific patients at issue, and any motion to dismiss, if filed, is resolved by the Court. State Farm's preference is to engage a private mediator at that time. While State Farm did receive a settlement demand from Plaintiff (prior to Plaintiff identifying any

patient-insureds), State Farm states that it does not believe that there is any basis for a class action and does not believe that any class-based settlement discussions would be productive, particularly at this stage.

**4.     Trial**

SCD's counsel has a pretrial conference in a matter pending in Delaware state court on June 20, 2018, and a week-long trial in the same matter beginning on July 9, 2018.  Aside from those matters, neither party is aware of any irreversible conflicts for its counsel or for its representatives for a trial date in the following four (4) to eight (8) months.  Because this case has been brought as a putative class action, the parties respectfully request that any trial date be set following the Court's ruling on any motion for class certification that may be filed by SCD.

**5.     Referral to Magistrate Judge**

The parties have not consented to the referral of this case to a Magistrate Judge.

**6.     Other Matters**

Because this case is asserted as a putative class action, the parties request that the Court's scheduling order include some specific deadlines tailored to the nature of the case and a briefing schedule that will permit the parties to fully, but concisely, brief class certification.  Specifically, the parties request that the Court include in its scheduling order deadlines for motions for summary judgment specific to the named Plaintiff's claims and for the briefing of any motion for class certification.  Specifically, the parties request that motions for summary judgment as to the named Plaintiff's claims be filed within 30 days of the close of fact and expert discovery, and that the deadline for motions for class certification be due 60 days after the summary judgment deadline. The parties respectfully request that the Court's scheduling order include a briefing schedule that would allow State Farm 45 days to respond to any motion for class certification and SCD 30 days

to file its reply brief. The parties will be prepared to further discuss these issues at the Rule 16 teleconference.

*/s/ John S. Spadaro*
John S. Spadaro, No. 3155
54 Liborio Lane
P.O. Box 627
Smyrna, DE 19977
(302) 235-7745
(Counsel for Plaintiff)

*/s/ Colin M. Shalk*
Colin M. Shalk, No. 99
1007 N. Orange Street
Nemours Building, Suite 1100
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
(Counsel for Defendants)