# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SPINE CARE DELAWARE, LLC** | : CIVIL ACTION |
| v. | : NO. 17-1816 |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, *et al.* | : |

**KEARNEY, J.**                                                             **March 23, 2018**

## MEMORANDUM

Our limited jurisdiction does not include resolving hypothetical disputes against insurance companies as a matter of public policy. We resolve claims of concrete injury filed by persons allegedly suffering an injury caused by the insurer. With proof, we allow injured persons to sell, or assign, their legal claims against their insurer to persons such as medical providers who are looking to be paid for their medical services from the patient's insurer. But the person filing the claim must still plead how the opposing party caused the injury. It cannot be a public policy hypothetical seeking to correct a pattern of conduct without an injured party. When, as here, a medical provider's amended complaint still fails to plead a fact of injury caused to one of its patients by the insurer's specific acts allegedly violating Delaware law, we cannot proceed. Otherwise, we would have spokespersons filing lawsuits seeking public policy changes. The medical provider needs to plead facts showing how their patient's insurer's specific conduct harmed the patient. As the medical provider has not yet done so, we grant the insurer's motion to dismiss the medical provider's amended complaint in the accompanying Order with one last leave to timely satisfy these rudimentary pleading obligations.

I. **Alleged facts**

Delaware's General Assembly requires a minimum amount of automobile insurance maintained by an owner of a motor vehicle registered here.[1] One statutory minimum requirement is Personal Injury Protection ("PIP"), which requires coverage of "$15,000 for any one person and $30,000 for all persons injured in any one accident" to compensate the injured persons for medical expenses, lost wages, and other expenses from the accident.[2]

Under the PIP mandate, insurers must pay or deny a PIP claim within thirty days of submission.[3] If the insurer wholly or partially denies the claim, the insurer must explain its reasons for doing so in writing.[4] If an insurer fails to comply with the statutory deadline, Delaware requires fixed additional interest on the unpaid amount.[5] If the insurer's failure to comply is in bad faith, Delaware allows us to award costs and attorney's fees.[6]

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") issue automobile insurance policies to owners of Delaware registered vehicles.[7] Spine Care Delaware, LLC treats patients injured in accidents involving a Delaware registered vehicle insured by State Farm.[8]

Without identifying an insured who suffered the specific harm, Spine Care alleges State Farm violates the PIP mandate and breaches its insurance contracts by: failing to pay the claims within the thirty-day statutory period;[9] failing to pay the additional statutory interest owed on these late payments;[10] delaying paying covered PIP claims by sending "ongoing investigation letters," which explain the payment is delayed during State Farm's ongoing investigation;[11] and, sending lulling letters to create a false appearance of compliance with the PIP mandate's requirement for insurers to provide claimants with a written explanation of their reasons for withholding payment within 30 days of receiving the claimant's submission. These general

2

claims are not attributed to a particular insured. We do not know who suffered this injury other than possibly some person who assigned their claim for benefits to provider Spine Care.

By way of further example, Spine Care alleges after it operates on a patient, it submits two PIP claims to State Farm, one for anesthesia and one for the surgical bill.[12] Spine Care first submits a claim for anesthesia covered under PIP and State Farm denies this claim until it receives the report of the operation and surgical bill.[13] Because the surgical bill is not a medical record, and not "germane" to State Farm's decision to cover the anesthesia bill, State Farm's denial pending the surgical bill is not warranted.[14] State Farm then pays Spine Care's PIP claim for the surgical bill, but does not pay the related anesthesia bill even though State Farm's payment of the surgical bill establishes the anesthesia bill is covered.[15] When Spine Care performs bilateral spinal surgery on a patient, it submits a PIP claim to State Farm.[16] State Farm then provides full payment of the costs "for one side" of the procedure, establishing the procedure is covered under PIP, but refuses to provide full payment of the costs for "the other side" of the procedure.[17] When Spine Care performs a multiple-level spinal surgery on a patient, it submits a PIP claim to State Farm.[18] State Farm then provides full payment for "one vertebral level" establishing the procedure is covered, but refuses to provide payment for the costs of the procedure associated with the "other vertebral levels."[19] Again, while Spine Care alleges this conduct is occurring, it does not plead an insured harmed by this conduct who assigned her claim to Spine Care.

Spine Care sued State Farm on behalf of itself and all others similarly situated, alleging violations of the PIP statute, breach of contract, bad faith breach of contract, and seeking injunctive relief.[20] Spine Care alleges it qualifies as a claimant to bring this lawsuit in its own right because it submits PIP claims.[21] Spine Care patients assign their right to recover PIP

3

benefits and statutory interest, costs, and attorneys' fees under the PIP statute to Spine Care.[22] These patients also assign their right to recover damages for breach of contract, bad faith breach of contract, and punitive damages to Spine Care.[23]

After we dismissed its complaint, Spine Care amended its complaint to bring claims on behalf of 26 named patient-assignors identified in an Exhibit to the Amended Complaint. The list is helpful in part; but we still do not have a fact showing which, if any, of the identified patients suffered which of the alleged breaches or violations of the PIP mandate.[24]

## II. Analysis

State Farm moves to dismiss Spine Care's Amended Complaint with prejudice arguing Spine Care: fails to sufficiently allege patients suffered harm and also fails to allege they assigned their right to bring their claim in Spine Care's name;[25] fails to allege which of the 26 patient-assignors suffered which of the six alleged violations; and, cannot plead a bad faith claim because under Delaware state law or an injunction claim. State Farm also argues Spine Care fails to allege how State Farm violated Delaware's PIP statute and fails to state a direct cause of action. State Farm, finally, moves to dismiss Spine Care's request for attorneys' fees and punitive damages as a matter of law.

Spine Care argues we addressed all of State Farm's challenges in our February 9, 2018 Memorandum granting the motion to dismiss the Complaint because we "held that [Spine Care] could satisfy the pleading standard on its claims" and this is now "the law of the case."[26] To clarify possible confusion, we did not hold whether Spine Care stated a claim for a PIP violation, breach of contract claim, or bad faith breach of contract claim. Our holdings affected threshold pleading issues: (1) Spine Care failed to allege a specific injury and harm to a patient caused by State Farm's conduct under PIP; and, (2) Spine Care failed to allege a breach of contract and bad

4

faith breach of contract claim because it failed to specify a patient who both assigned rights to Spine Care and who State Farm subjected to its alleged unlawful practices.[27] We did not address State Farm's other legal arguments and do not today. We remain stuck in our progress awaiting Spine Care's facts tying an assigned claim to State Farm's alleged conduct.

### A. Spine Care fails to plead facts to support its PIP, breach of contract, and bad faith breach of contract claims.

State Farm argues Spine Care fails to sufficiently allege patients suffered harm and also fails to allege they assigned their right to bring their claim in Spine Care's name. This is not a new issue to either party. As outlined above, we dismissed Spine Care's complaint for threshold pleading deficiencies in its PIP and contract claims, the identity of the patient, the specific harm suffered by patient caused by State Farm, and the patient's assignment of rights to Spine Care. Spine Care needs to tie each of State Farm's alleged unlawful practices to facts showing a patient actually suffered harm caused by the unlawful practice.

As we held in our February 9, 2018 opinion, Spine Care's burden to identify a specific factual claim and claimant is not difficult. Spine Care, in its brief, agrees its burden is not difficult and for its PIP claim, it just needs to plead "[w]e are suing on patient Joe Doe's PIP claim..." and for its contractual claim, it must plead a specific patient suffered harm from State Farm and assigned the claim to Spine Care.[28] While acknowledging it knows how to do it, Spine Care did not plead anywhere close to this standard in its Amended Complaint. Instead Spine Care maintained its broad, non-specific allegations and simply attached a list of 26 names as an exhibit and Spine Care argues this amendment did "precisely what [we] required."[29]

This list of 26 names untethered to facts does not cure Spine Care's pleadings deficiencies. We are not overly pedantic in our pleading requirements but Spine Care needs to pleads facts as to these patients and Spine Care does not dispute it has the information to do so.

5

Spine Care argues it produced a chart with a patients' name, dates of services, damages, and "theory of case" five days before State Farm moved to dismiss and asks us to take judicial notice of the fact State Farm is on notice of the specific factual allegations.[30] We cannot rely on discovery to state a claim which must be plead under Rule 8.

On the same day Spine Care made this argument, it also sought leave to amend yet still does not include a single basic factual allegation, *i.e.* "John Doe is a patient at Spine Care where he had a bilateral spinal surgery and Spine Care submitted a PIP covered claim and State Farm only paid for half the surgery. John Doe alleges John Doe assigned his statutory and breach of contract claims to Spine Care to pursue."

Spine Care agrees it has facts to allege and admits to knowing exactly how to plead, yet does not seek include the allegations in its proposed Second Amended Complaint. While Spine Care may be correct in arguing State Farm is aware of the patient-specific facts through discovery, we review allegations to determine whether Spine Care survives a Rule 12 motion, and those allegations control the case going forward.

In a Rule 12(b)(6) motion, we assume the truth of "well-pleaded factual allegations … then determine whether they plausibly give rise to an entitlement for relief."[31] Assuming the truth of the allegations, Spine Care does not allege facts showing specific harm arising from the alleged breaches of violations of the PIP mandate by any of the 26 patients, or any other patient, caused by State Farm.

### B. We do not address Spine Care's request for injunctive relief.

We decline to address Spine Care's separate request for injunctive relief. Injunctions are an equitable remedy and not a cause of action.[32] As Spine Care has yet to plead a cause of action, we cannot proceed on injunctive relief.

### III. Conclusion

We grant State Farm's motion to dismiss without prejudice because Spine Care fails to plead facts of harm suffered by specific patients caused by a State Farm alleged unlawful practice and who assigned the right to pursue their claims to Spine Care. In a separate Order, we also deny Spine Care's pending motion for leave to amend because its proposed amendments fail to cure its pleading deficiencies.

---

[1] ECF Doc. No. 30, ¶ 10.

[2] *Id.* ¶ 10.

[3] *Id.* ¶ 11.

[4] *Id.* ¶ 11.

[5] *Id.* ¶ 11.

[6] *Id.*

[7] *Id.* ¶¶ 5, 6.

[8] *Id.* ¶ 3.

[9] *Id.* ¶ 14.

[10] *Id.* ¶ 15.

[11] *Id.* ¶ 24.

[12] *Id.* ¶ 16.

[13] *Id.*

[14] *Id.* ¶ 18.

[15] *Id.*

[16] *Id.* ¶ 20.

¹⁷ *Id.*

¹⁸ *Id.* ¶ 22.

¹⁹ *Id.*

²⁰ ECF Doc. No. 30, ¶ 1.

²¹ *Id.* ¶ 30. We dismissed Spine Care's original Complaint on February 9, 2018 and Spine Care filed an Amended Complaint on February 21, 2018. ECF Doc. Nos. 24, 30.

²² *Id.* ¶ 4. Spine Care attached a list of patients who assigned their rights. ECF Doc. No. 30-2. Spine Care also attached a "representative sample" of the written assignment language. ECF Doc. No. 30-1.

²³ *Id.* ¶ 4.

²⁴ ECF Doc. No. 30-2 at 2-3. Dayna Bespalko, Michael Blanco, Vicki Farrell, Deanna Garrett, Frank Harris, Bryant Hayward, Ryan Higgins, Valrier Houston, Harvey Lee Janvier, Jr., Kathryn Anne Jones, Linda Lavender, Sandra Alvarez-Lopez, Theresa McGarth, Karen Fox Melesi, Myrena Moxham, Brianna Orlando, Lori Pullela, Makesha Purnell, William Resto, Edward Savina, Jamie Setley, Gregory Stewart, Peter Stiles, Robin Strattman, Timothy Walker, and Deborah Warren.

²⁵ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Our court of appeals requires we apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

[26] ECF Doc. No. 48 at 6-7.

[27] ECF Doc. No. 23 at 4-6. We also dismissed Spine Care's declaratory judgment claim which is no longer at issue because Spine Care did not include it in the Amended Complaint.

[28] ECF Doc. No. 48 at 4.

[29] *Id.* at 5.

[30] *Id.* at 9.

[31] *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus*, 641 F.3d at 563; *Santiago*, 629 F.3d at 130.

[32] *See Davis v. Corizon Health, Inc.*, No. 14-1490, 2014 WL 5343617, at *2 (E.D. Pa. Oct. 21, 2014) (Plaintiff "may seek an injunction as a remedy, not as an independent cause of action").